LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00765-BRO (DTBx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | SHANDONG WANBAO GROUP CO. LTD. V. RERUBBER LLC ET AL | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**       (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION

A federal court must determine its own jurisdiction, even where there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332, which provides that a federal district court has jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

In its Complaint, Plaintiff Shandong Wanbao Group Co. Ltd. ("Plaintiff") alleges that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2) and that there is complete diversity between Plaintiff and Defendants reRubber LLC ("reRubber"), Enertech Solutions, LLC ("Enertech"), Lan Chen, and J.D. Wang.[1] (Dkt. No. 1 (hereinafter, "Compl.") ¶¶ 1, 3–7.) More specifically, Plaintiff claims it is a corporation duly organized under the laws of the Peoples Republic of China. (Compl. ¶ 3.) With respect to the LLC Defendants, reRubber and Enertech, Plaintiff avers that Defendants reRubber and Enertech are Nevada limited liability companies

---

[1] The Court notes that Plaintiff asserts that damages will exceed $75,000, thereby satisfying the amount-in-controversy requirement. (Compl. ¶¶ 1, 30, 31, 35.)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00765-BRO (DTBx) | Date | June 15, 2016 |
|---|---|---|---|
| Title | SHANDONG WANBAO GROUP CO. LTD. V. RERUBBER LLC ET AL | | |

qualified to do business in California and conducting business in Ontario, California. (Compl. ¶¶ 4, 5.) Plaintiff further maintains that Enertech is the managing member of reRubber and owns 47.6 percent membership interest in Defendant reRubber. (Compl. ¶ 5.) Plaintiff's Complaint also provides that Plaintiff itself owns a 26.9 percent membership interest in Defendant reRubber. (Compl. ¶ 16.)[2]

Under § 1332(c), a corporation is a citizen of each state in which it is incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332(c). With regard to limited liability companies, however, the rules defining "citizenship" are different. A limited liability company is considered to be a citizen of *every* state of which its members are citizens. *See Johnson v. Columbia Props. Anchorage*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Plaintiff does not sufficiently provide information regarding its citizenship where it does not indicate its principal place of business. *See* 28 U.S.C. § 1332(c). Nor does Plaintiff provide adequate information regarding the citizenship of Defendant reRubber's and Defendant Enertech's members, which is necessary to determine whether complete diversity in fact exists in this case. *See Johnson*, 437 F.3d at 899. Should any one of Defendant reRubber's or Defendant Enertech's members be a foreign citizen, complete diversity would be destroyed, and the Court would lack subject matter jurisdiction under 28 U.S.C. § 1332.[3] *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) ("[D]iversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants."); *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 390 n.1 (1959) (explaining that "[t]he grant of diversity of citizenship jurisdiction contained in [28 U.S.C. § 1332] contains no language which would include a suit by one alien against another, even where there might also be citizen defendants").

---

[2] The Complaint does not indicate the members that make up the remaining 25.5 percent interest.

[3] As discussed above, Plaintiff's Complaint appearss to state that Plaintiff is itself a member of Defendant reRubber, which would necessarily destroy the complete diversity requirement for diversity jurisdiction.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00765-BRO (DTBx)** | Date | June 15, 2016 |
|---|---|---|---|
| Title | **SHANDONG WANBAO GROUP CO. LTD. V. RERUBBER LLC ET AL** | | |

    The Court therefore **ORDERS** Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file its response to this Court's Order **no later than Monday, June 20, 2016, at 4:00 p.m.** An appropriate response will: (1) clarify Plaintiff's citizenship, as Plaintiff's Complaint fails to allege where Plaintiff has its principal place of business; (2) provide the citizenship of each of Defendant reRubber's members; and, (3) provide the citizenship of each of Defendant Enertech's members.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |